**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **JOSE CAMILO ESPANA-MARTINEZ,** | : | |
| | : | Civil No. 24-10083 (JKS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **WARDEN, FCT FORT DIX,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

**SEMPER, District Judge**

    **THIS MATTER** comes before the Court upon the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1) by *pro se* Petitioner Jose Camilo Espana-Martinez ("Petitioner"), a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 cases, applicable to Section 2241 petitions pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons set forth below, the Court will dismiss the petition without prejudice.

    **I.**    **BACKGROUND**

    On September 23, 2020, Petitioner was sentenced in the Southern District of Florida to 188-month term of incarceration on charges of conspiracy to distribute five kilograms or more of

1

cocaine knowing it would be unlawfully imported into the United States. (Pet., ECF No. 1-1.) Petitioner has a projected First Step Act ("FSA") release date of November 7, 2030. (*Id.*) The Bureau of Prisons ("BOP") has determined that Petitioner is currently eligible for Earned Time Credits ("ETC") pursuant to the FSA even though Petitioner is an alien who may be subject to removal proceedings in the future. (Pet., at 9.) Petitioner contends that the BOP and the U.S. Immigration and Customs Enforcement ("ICE") are working to deprive him of accrued ETC, which Petitioner asserts has been done to many other inmates. (*Id.* at 2, 9.) The Court construes Petitioner as asserting due process and equal protection claims with respect to the Government's ability to deprive him of credits under the FSA.[1] (Pet., at 9.) Petitioner admits that he did not exhaust administrative remedies but argues he is currently earning the ETC credits that he preemptively seeks to protect. (*Id.* at 3–4.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Challenges to the fact or duration of confinement are the essence of habeas. *See Murray v. Bledsoe*, 386 F. App'x 139, 140 (3d Cir. 2010). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001).

---

[1] A *pro se* habeas petition must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989).

### III.  DISCUSSION

Petitioner seeks a preemptive order enjoining the BOP from depriving him of ETC because he does not currently have a final immigration order of removal issued by an immigration judge. (Pet., at 11.)  The Court construes the petition as asserting Petitioner has a vested due process interest in application of his FSA time credits because he earned the credits before he was subject to a final order of removal.  Petitioner also asserts deprivation of his ETC, if he becomes subject to a final order of removal in the future, would violate the Equal Protection Clause.

Under the FSA, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, with a maximum of 365 days to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." *Id.*  The statute bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See e.g.*, *Deras-Lopez v. Thompson*, No. 25-156, 2025 WL 99638, at *2 (D.N.J. Jan. 15, 2025.) This includes any credits that had been "earned" prior to the issuance of a final order of removal. *See Rico-Lopez v. Warden*, No. 24-9186, 2025 WL 892964, at *2 (D.N.J. March 21, 2025) (citing *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24-06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024)).

Here, if Petitioner receives a final order of  removal, he is statutorily ineligible to have the BOP apply his FSA credits towards early release. *See* 18 U.S.C. § 3632(d)(4)(E)(i).  An inmate with an immigration detainer does not have a vested due process liberty interest in application of FSA time credits if he is later subject to a final order of removal.  *See Mitchell-Palacio v. FCI Ft.*

3

*Dix (Warden)*, No. 24-9831, 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024) ("Any Due Process or Equal Protection rights Petitioner may have in relation to his FSA credits is contingent on the lack of a final removal order, and he has no right to retain the ability to apply those credits should he receive a final order of removal."). In these situations, therefore, "the BOP has no choice but to deprive [the petitioner] of the ability to apply his First Step Act credits towards early supervised release, and the Court has no authority to enjoin the operation of the statute." *Mitchell-Palacio*, 2024 WL 4542223, at *1; *see also Caicedo v. FCI Ft. Dix (Warden)*, No. 24-10682, 2025 WL 62915, at *2 (D.N.J. Jan. 10, 2025). Accordingly, any entitlement to FSA credits that Petitioner may possess are inherently contingent on his lack of a final order of removal.

Any protections under the Equal Protection Clause to which Petitioner may be entitled are likewise contingent upon the lack of a final removal order. Petitioner's reliance on the Equal Protection Clause as a basis for relief, in the present context, does not apply because Petitioner has failed to identify similarly situated individuals who are being treated differently. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Indeed, Petitioner contends that he is seeking an order of protection to prevent the BOP from removing his ETC "as the BOP is doing this action to many inmates and different federal prisons specifically in FCI Fort Dix." (Pet., at 3.) Implicit in his argument is an admission that he is being treated similarly to other inmates who will potentially be subject to a final order of removal. Therefore, his equal protection argument fails on that ground. Moreover, aliens subject to removal orders are not a protected class under the Equal Protection Clause. *See, e.g., Plyer*, 457 U.S. at 223 (finding that "[u]ndocumented aliens cannot be treated as a suspect class" for equal protection purposes as "their presence in this country in

4

violation of federal law is not a "constitutional irrelevancy"); *Matthews v. Diaz*, 426 U.S. 67, 77 (1976) (holding that Congress may lawfully distinguish between citizens and aliens in its provision of benefits). Because Petitioner has no statutory right to retain FSA credits if he receives a final order of removal, the Court cannot enjoin the BOP from following the dictates of the statute. Therefore, Petitioner's request for a protective order must be dismissed.

Assuming arguendo that this was not the case, the Court would still be required to dismiss the petition because Petitioner's contentions are completely speculative, and he has yet to suffer a concrete injury. Petitioner readily admits that he is currently accruing ETC credits but seeks to prevent the BOP and ICE from revoking them in the future should be become subject to a final order of removal. (Pet., at 11.) In order to have standing, a petitioner must present a challenge to the execution of his sentence premised on a concrete and particularized, actual or imminent, injury in fact. *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Petitioner does not have an actual or imminent injury, as his complaints are merely speculative based on fears that the BOP may deprive him of his earned ETC if a final order of removal is issued. "A dispute is not ripe for judicial determination if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Wyatt, Virgin Islands, Inc. v. Gov't of Virgin Islands*, 385 F.3d 801, 806 (3d Cir. 2004) (cleaned up). Accordingly, the Court will dismiss the habeas petition as premature.

Finally, Petitioner has admittedly failed to seek or exhaust administrative relief prior to filing the habeas petition. (Pet., at 3–4.) Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he ordinarily must first exhaust administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). Exhaustion of the BOP administrative remedy program requires: (1) an attempt at informal resolution, 28 C.F.R. § 542.13; (2) a formal administrative remedy

request to the warden, § 542.14; (3) an appeal to the BOP Regional Director, § 542.15; and (4) an appeal to General Counsel in the Central Office, *id*.  The exhaustion requirement may be excused under certain circumstances, such as where exhaustion would be futile. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).  Absent a showing of such circumstances or cause and prejudice to excuse procedural default, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996).

      Here, Petitioner contends that he did not present any administrative remedy because he is currently earning ETC.  (Pet., at 3–4.)  By his own admission, Petitioner did not seek to exhaust prior to filing his habeas petition because he has yet to suffer an actual or imminent injury.  This failure is essentially Petitioner's concession that his claims are premature, and that he therefore cannot currently exhaust them.  Petitioner's habeas petition is subject to dismissal for this reason as well.

      Because Petitioner's habeas petition is premature, unexhausted, and it "plainly appears from the petition" that petitioner is not entitled to habeas relief, the Court will summarily dismiss the petition without prejudice pursuant to its screening authority under Rule 4 of the Rules Governing Section 2254 cases, applicable to Section 2241 petitions pursuant to Rule 1(b).

## IV.  CONCLUSION

For the reasons discussed above, the petition will be dismissed without prejudice. An appropriate Order follows.


Date: May 21, 2025

_____
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**